# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM McGEE,

              Petitioner,     :     Case No. 2:25-cv-446

    - vs -                           District Judge James L. Graham
                                   Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
 Belmont Correctional Institution,

                                 :

              Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner William McGee, is before the Court on two Motions filed by Petitioner on August 25, 2025: (1) Motion for Extension of Time (ECF No. 11) and (2) Motion to Expand the Record (ECF No. 12).

Petitioner already received a one-month extension of time to file his reply without indicating any need to expand the record (ECF Nos. 9 & 10). Nonetheless the Court is unwilling to decide the case if the material sought to be added is material.

    The material sought to be added is

1. State Exhibit 02-Facebook Post/Information Retrieved from Facebook Messenger;

2. State Exhibit H-Records of Facebook Messenger Account;

3. Search Warrant and Search Warrant affidavit of Facebook Messenger Account;

1

    4. State Exhibit 1-Body Camera footage of Officer Tyler Hicks;

    5. State Exhibit's Fl through Fll-Photos of Bullet Strikes and damage to truck; and

    6. State Exhibit 2-Leasing Agreement

(ECF No. 112, PageID 1861).

In deciding this habeas corpus case, the Court is limited to the record that was before the Ohio Court of Appeals when it decided the case. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). If, but only if, the above-listed materials were before the court of appeals, the Motion to Expand will be granted. Respondent's counsel shall advise the Court not later than September 9, whether these materials were included in the appellate record.

In examining the State Court Record as filed, the Magistrate Judge finds it fails to comply with the Order for Answer. That Order provides in pertinent part: "The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record." (ECF No. 2, PageID 46). The State Court Record as filed does not include the required bookmarks which are particularly necessary to navigates the record in this case. Accordingly, Respondent is ordered to file by September 9, 2025, an amended State Court Record which complies with the Order for Answer by including the required bookmarks. All citations to the State Court Record hereafter will include citations to the PageID in the Amended State Court Record. By the same date, Respondent must file an amended return which substitutes PageID numbers from the Amended

2

State Court Record.  Any of the above-listed items which are proper for consideration by this Court under *Pinholster* shall be included in the amended State Court Record.

After the Amended State Court Record is filed, the Court will set a new date for filing the Reply.

August 26, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge