# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

WILLIAM McGEE,

                Petitioner,       :             Case No. 2:25-cv-00446

     - vs -                          District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                                     :
             Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner William McGee to obtain relief from his 2021 convictions in the Franklin County Court of Common Pleas. The case is pending on the Petition (ECF No. 1), the Amended State Court Record (ECF No. 17 as supplemented by ECF No. 24), and Respondent's Amended Return of Writ (ECF No. 19). Petitioner was notified that his reply or traverse was due on October 27, 2025 (Notice, ECF No. 20), but no reply has been filed.

**Litigation History**

On April 4, 2019, the Franklin County Grand Jury returned an indictment charging McGee with felonious assault in violation of Ohio Revised Code § 2903.11, two counts of improperly

discharging a firearm at or into a habitation or a school safety zone in violation of Ohio Revised Code § 2923.161, and having weapons while under a disability, in violation of Ohio Revised Code § 2923.13. The first three counts had firearm specifications. (Indictment, Amended State Court Record, ECF No. 17, Ex. 1). After several changes of counsel and waivers of speedy trial, a jury found McGee guilty on the first three counts and specifications and the trial judge found him guilty on the weapons under disability count. He was sentenced to an aggregate of seventeen years imprisonment.

McGee took a direct appeal to the Ohio Tenth District Court of Appeals which overruled all of his assignments of error and affirmed the convictions. *State v. McGee*, 2023-Ohio-2935 (Ohio App. 10th Dist. Aug. 22, 2023). Petitioner's motion for reconsideration was overruled and he appealed to the Supreme Court of Ohio which declined to exercise jurisdiction. *State v. McGee*, 173 Ohio St. 3d 1457 (Apr. 16, 2024).

On March 26, 2024, Petitioner filed a delayed application to reopen his direct appeal to litigate claims of ineffective assistance of appellate counsel (Application, Amended State Court Record, ECF No. 17, Ex. 39). The Tenth District dismissed the Application as untimely. *Id.* at Ex. 40.

Petitioner filed in the trial court a motion for re-sentencing based on recent Ohio Supreme Court jurisprudence. *Id.* at Ex. 41. The trial court denied the motions as untimely and barred by *res judicata*. *Id.* at Ex. 45. The Tenth District later granted a motion for delayed appeal which remained pending at the time the Respondent filed the Amended Return of Writ (October 3, 2025).

Petitioner avers that he deposited his Petition in the prison mailing system on April 6, 2025 (Petition, ECF No. 1, PageID 39). The Petition pleads fifteen grounds for relief as follows:

> **Ground One**: The trial court erred in overruling the motion to suppress the evidence: (a) the court of appeals abused its discretion

2

when it failed to review the trial court's judgment entry, and also made misapprehensions of the record of what the trial court made in its ruling under. and the appellate courts misapplication of the law:

**Supporting Facts:** The Trial Court Erred By Failing To Suppress The Evidence Of Firearm Shells Collected During The Warrantless Sweep Of Smith's Apartment, And Of The Facebook Messages Between "William Cruse" And McGowan. The Court of Appeals ruled that the evidence had been deemed credible by the trial court, even where the trial court's ruling was flawed and contrary to the suppression hearing testimony of Officer Hicks testimony which clearly reflects the trial court's reason for denial and clearly states appellant had standing and also trial court's rulings was contrary to states testimony.

**Ground Two**: Petitioner was denied the effective assistance of trial counsel as guaranteed by the United States and Ohio constitution: (a) the court of appeals abused its discretion when it found that trial counsel's performance was not deficient as to deny him effective assistance of counsel when he failed to timely introduce vital alibi evidence that corroborated testimony and also failure to investigate or review alibi witness statements that appellant was denied effective assistance of trial when counsel failed to conduct proper pretrial investigation and discovery, and also failure to proffer excluded evidence for appellate review.

**Supporting Facts:** Trial Counsel Was Ineffective For Not Securing Or Attempting To Seek An Continuance In Order To Obtain Vital Alibi Testimony. Counsel Also Failed To Subpoena Necessary Business Record To Support Appellants Alibi Defense.

**Ground Three**: The trial court abused its discretion in permitting the state to use appellant's prior conviction to impeach him: (a) the court of appeals abused its discretion when admitting evidence of prior convictions for marijuana charged trial court reasoning was without such impeachment it would give appellant a false aura of veracity during his testimony.

**Supporting Facts:** The trial court's decision to impeach appellant on behalf of a marijuana trafficking case which was over 10-years old was an abuse of discretion. The trial court used incorrect standard of review in determining the admissibility of the conviction.

**Ground Four**: The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the

3

United States Constitution and Article One Section Ten of the Ohio Constitution by finding him guilty of felonious assault and discharging a firearm at or near a habitation, as those verdicts were not supported by sufficient and were also against the manifest weight of evidence and against sufficiency of the evidence to support the conviction.

**Supporting Facts:** The evidence used to support the convictions are insufficient and against the manifest weight of the evidence.

**Ground Five:** The court of appeals erred in their findings of fact in relation to the suppression hearing as those findings are not supported by the record.

**Supporting Facts:** The Court of Appeals Findings of Fact As They Relate To The Suppression Hearing Determination Are Incorrect And Not Supported By The Record. The State Argued That No Exigency Existed, However, The Court Of Appeals Found That The Trial Courts Decision Deemed Credible And Cannot Disturb The Trial Court's Judgment There Was No Indication That Officers Conducted A Search Of The Residence As They Recovered The Spent Shell Casings That Were In Plain Review When They Arrived And Found The Door Ajar Which Totally Contradicted The Court Of Appeals Ruling That A Protective Sweep Was Reasonable Due To Exigent Circumstance. There Is Also Other Incorrect Findings Made By The Court Of Appeals Based On The Record Relating To the suppression hearing as cited in the Supreme Court memorandum in support of jurisdiction. (See page 12).

**Ground Six**: Appellate counsel was ineffective when it failed to raise appellant was denied a complete defense, right fair trial and due process when the trial court denied his vital alibi evidence in support of an alibi defense which violated his rights under U.S.. Constitution Amendment V, VI, and XIV and Ohio Const. art. i, §1, §10 and 16.

**Ground Seven:** Appellate counsel was ineffective when it failed to raise trial counsel to be ineffective for failing to file motion to dismiss via speedy trial in violation of his rights under U.S. Constitution Amendment VI, AND XIV, and Ohio Const. ART. I, §1, §10 AND 16.

**Ground Eight:** appellate counsel was ineffective when it failed to raise the confrontation clause over reserved objection violated his rights under U.S. Constitution Amendment V, VI, AND XIV, AND Ohio Const. ART. I, 10 AND 16.

4

**Ground Nine**: Appellate counsel was ineffective when it failed to raise cumulative error argument.

**Ground Ten**: Appellant counsel was ineffective for not raising reversible error pursuant due to the due process clause of fourteenth amendment evidence obtained by a search and seizure and violation of fourth amendment was inadmissible in state prosecution of appellant criminal trial.

**Supporting Facts**: Appellate Counsel was ineffective for not raising colorable error on behalf of shell casings and also Facebook pictures and also messages being introduced into trial and admissible which clearly violated appellant due process and equal protection of Law.

**Ground Eleven**: Appellate counsel was ineffective by not raising Crim.R.16 (i), (d) and also discovery violation.

**Supporting Facts:** Appellate Counsel was ineffective for not raising trial counsel being ineffective for not objecting to rebuttal witness not being in discovery violating Crim.R. 16(D) violation in regard to Dana Crooks rebuttal testimony that was not disclosed and discovery trial counsel should have objected or club continuance or held void dear regarding investigator testimony that prejudiced appellant trial and confused jurors and was a last minute scramble by the state to try and discredit appellant defense which defendant was not prepared for it's an established rule that all witnesses including rebuttal witness whom state reasonably anticipates the need to calls should be disclosed to defense pursuant to a valid discovery request….

**Ground Twelve:** appellate counsel was ineffective for not raising prosecutor misconduct on various occasions of misleading jurors, bolstering victim's testimony, speculating threats without evidence, leading of state witness, improperly advising jurors of doctrines that was inapplicable to a permissible theory for R.C. 2923.161 (8)(1), misstating evidence that was introduced to manipulate jurors and confuse evidence, vouching and bolstering victim testimony which violate criminal trial error and misconduct § 5-1, (b) (2) 2-4 (d) (2) and violates due process and a right to a fair trial.

**Ground Thirteen** Appellate counsel deficient performance prejudiced appellant by not raising confrontation clause and an admissible hearsay testimony over reserved objection violated his

5

rights under U.S. Constitution Amendment V, VI and Ohio Const. Art. i, § 1 § 10 and 16

**Ground Fourteen**: Appellate counsel was ineffective for failing to raise on direct appeal that the trial court abused its discretion and made flawed ruling on behalf of denial of self-authenticating business records that were made in the ordinary course of day.

**Ground Fifteen**: Appellate counsel was ineffective for failing to raise sufficient error that the state never properly proved unavailability of witness, not satisfying Ohio Evid R. 803-804 rules of unavailability.

**Supporting Facts:** The State presented the testimony of Sabrina Martin. The State's claim of unavailability was insufficient and failed to meet the burden of unavailability.

(ECF No. 1, PageID: 9-35).

# Analysis

## Claims Under the Ohio Constitution

In Grounds for Relief Two, Four, Six, Seven, Eight and Thirteen, Petitioner makes claims that his rights under the Ohio Constitution were violated in obtaining his conviction.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Claims made under the Ohio Constitution, therefore, are not cognizable in federal habeas corpus. No further analysis is offered of those claims which should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground One: Conviction Based on Unconstitutionally Seized Evidence**

In his First Ground for Relief, Petitioner asserts he was convicted on the basis of unconstitutionally seized evidence which should have been suppressed by the Ohio courts under the Fourth Amendment.

The Fourth Amendment to the United States Constitution prohibits searches without probable cause to believe the search will yield evidence of a crime. Evidence seized without probable cause must be suppressed and not admitted into evidence. *Mapp v. Ohio*, 367 U.S. 643 (1961). The Ohio Rules of Criminal Procedure provide a mechanism by way of a motion to suppress to enforce the so-called exclusionary rule adopted in *Mapp*.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

7

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In *Good v. Berghuis,* 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." Id. at 638, quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40.

In his First Ground for Relief, Petitioner does not claim he did not receive a full and fair opportunity to litigate his Fourth Amendment claims, but rather that the outcome was wrong. Under *Stone* this claim is not cognizable in habeas corpus and should therefore be dismissed.

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his second ground for relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney failed to seek a continuance to obtain needed alibi evidence, failed to properly investigate Petitioner's alibi, and failed to proffer excluded evidence for appeal.

The Tenth District Court of Appeals considered this claim on appeal as Petitioner's second assignment of error and decided it as follows:

> ¶ 15} McGee next contends that his trial counsel was constitutionally ineffective. In order to obtain a reversal on appeal for ineffective assistance of counsel, a defendant must demonstrate both that defense counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *See generally Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A properly licensed attorney is presumed competent, and a defendant bears the burden of showing ineffective assistance of counsel. *State v. Hamblin*, 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476 (1988). In assessing claims of counsel's deficiency, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Strickland* at 689, 104 S.Ct. 2052, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). And in evaluating whether the challenged action caused prejudice, the court must find that counsel's error was so serious that there is a reasonable probability it affected the outcome of the trial. *See*, *e.g., State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).
>
> {¶ 16} McGee argues that his counsel failed to properly investigate his alibi defense, and specifically that his counsel failed to ensure that the Lima invoices were admitted into evidence to support his alibi. He contends that his trial counsel failed to subpoena the business that issued the invoices, failed to timely disclose the invoices to the state, and failed to proffer the invoices for appellate purposes. Appellant argues that counsel's failures forced him to testify in his own defense, revealing his prior felony conviction to the jury and subjecting him to cross-examination on his prior statement to detectives.

9

{¶ 17} But as the state correctly argues in response, the existing record fails to demonstrate that McGee was prejudiced by counsel's allegedly defective performance. Specifically, the record is unclear regarding what the invoices would prove, and how and whether they are admissible. McGee's argument is an "off-the-record" claim that can only be brought in postconviction where McGee can offer evidence specifying how the invoices would have proven his alibi defense, and is accordingly able to establish both prongs of the *Strickland* standard. We must similarly observe that trial counsel's failure to proffer the invoices cannot be viewed as deficient performance in this context, since McGee has not established on appeal that the invoices were admissible on the current record. Finally, we observe that it is equally likely that counsel made a strategic decision at trial that McGee's alibi defense could be shown exclusively through Smith's testimony. As a result, McGee's decision—against the advice of counsel—to testify was not compelled by issues with the admission of the invoices. For these reasons, McGee has met neither prong of the *Strickland* test, and his second assignment of error is overruled.

*State v. McGee, supra.*

The governing standard for ineffective assistance of counsel claims is found in *Strickland*

*v. Washington*, 466 U.S. 668 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328

11

> (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052,
> 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably
> likely" the result would have been different. Id., at 696, 104 S. Ct.
> 2052, 80 L. Ed. 2d 674. This does not require a showing that
> counsel's actions "more likely than not altered the outcome," but the
> difference between *Strickland's* prejudice standard and a more-
> probable-than-not standard is slight and matters "only in the rarest
> case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The
> likelihood of a different result must be substantial, not just
> conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

As the Tenth District correctly held, this claim of ineffective assistance of trial counsel depended on proof outside the appellate record, to wit, the invoices which supposedly would show Petitioner was in Lima, Ohio, at the time of the crime.   Ohio has a procedure for raising constitutional claims that depend on evidence outside (*dehors*) the record:  a petition for post-conviction relief under Ohio Revised Code § 2953.21.   That remedy has a one-year statute of limitations which runs from the time the record is complete on direct appeal.   Because that time has clearly passed and Petitioner did not file under Ohio Revised Code § 2953.21, he has procedurally defaulted on this claim of ineffective assistance of trial counsel.   Ground Two should therefore be dismissed.

**Ground Three:  Abuse of Discretion in Admitting Evidence of Prior Conviction**

In his Third Ground for Relief, Petitioner asserts the trial court abused its discretion in allowing the State to impeach him with evidence of a prior conviction and the Tenth District abused its discretion in affirming that ruling.  A claim that a state court has abused its discretion does not state a claim for relief under the United States Constitution. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir.

12

1995). However, *pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6ᵗʰ Cir. 2001). Therefore the Magistrate Judge will treat the "abuse of discretion" language as surplusage and read this Third Ground for Relief as asserting it was a denial of due process to allow the impeachment.

Petitioner raised a claim that the prior conviction should not have been admitted as his third assignment of error on direct appeal and the Tenth District decided it as follows:

> {¶ 18} McGee next argued that the trial court erred to his prejudice by permitting the state to confront him with evidence of his prior conviction. Under Evid.R. 609(A)(2), when the accused testifies in his own defense, the state is permitted to impeach the accused's credibility with evidence that the accused was convicted of an offense punishable by death or imprisonment in excess of one year, only if the probative value of the evidence outweighs the dangers of unfair prejudice, confusion of the issues, and misleading the jury. See, e.g., *State v. Canada,* 10th Dist. No. 14AP-523, 2015-Ohio-2167, ¶ 65, citing *State v. Bryan*, 101 Ohio St. 3d 272, 2004-Ohio-971, ¶ 132, 804 N.E.2d 433. The trial court's decision to permit such impeachment is reviewed for an abuse of discretion. Canada at ¶ 63, citing *State v. Williams*, 2d Dist. No. 24149, 2011-Ohio-4726, ¶ 60.

> {¶ 19} Here, the trial court permitted the state to impeach McGee with evidence of his November 30, 2010 conviction for conspiracy to transport marijuana into West Virginia. (Tr. Vol. 4 at 784-85.) Because he was not released from supervision until November 2011 and his trial occurred in July of 2021, this conviction was not excludable under Evid.R. 609(B). But McGee argues that the trial court misapplied the test for admission, because it referenced Evid.R. 403 in its ruling. Citing *State v. Goney*, 87 Ohio App.3d 497, 622 N.E.2d 688 (2d Dist.1993), McGee contends that "Evid.R. 403 is biased in favor of admissibility, but this is *not* the case where the accused is impeached by a prior conviction under Evid.R. 609(A)(2); the unfair prejudice need only outweigh probative value, rather than 'substantially' outweigh it." *Id.* at 502-03, 622 N.E.2d 688.

> {¶ 20} But as this court has observed, the plain language of Evid.R. 609 references both Evid.R. 403(A) and 403(B), and the two rules must be read in conjunction—"[n]otwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is * * * if the court determines that the

probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 609(A)(2). *See, e.g., State v. Staten*, 10th Dist. No. 98AP-263, 1999 WL 52381 *2, 1999 Ohio App. LEXIS 349 *6 (Feb. 4, 1999), citing *State v. Wright*, 48 Ohio St.3d 5, 7, 548 N.E.2d 923 (1990). At the point McGee decided to testify, his credibility became central to the question of his alibi defense and his identification by McGowan. McGee cannot establish that the trial court's decision to allow evidence of his prior conviction was prejudicial to him, and given the fact that Evd.R. 609 itself refers to Evd.R. 403, the trial court's statements that it had "done the 403 balancing test in [its] head" and that its ruling allowing impeachment on the offense "does a good job of spreading the equities out" cannot establish an abuse of the trial court's discretion. McGee's third assignment of error consequently lacks merit and is overruled.

*State v. McGee, supra.*

As can be seen from this portion of the appellate decision, the Tenth District did not read the appeal as presenting a constitutional claim in this assignment of error.  Nor should it have read the assignment that way; Petitioner's appellate brief did not present the issue as a constitutional one.

Because Petitioner did not fairly present his prior conviction claim to the Ohio courts as a constitutional claim, he has procedurally defaulted on the claim.  Because he has also presented no excusing cause and prejudice for that default, his Third Ground for Relief should be dismissed.


**Ground Four:  The Evidence Does Not Support Conviction**


In his fourth ground for relief, Petitioner asserts his conviction is against the manifest weight of the evidence and is not supported by sufficient evidence.

The manifest weight claim does not state a claim for relief under the United States Constitution.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

14

However, the second part of this ground for relief – insufficiency of the evidence – does state a federal constitutional claim. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

Petitioner argued his manifest weight and sufficiency claims together as his first assignment of error on direct appeal and the Tenth District decided it as follows:

> We address each issue in turn, beginning with McGee's sufficiency and manifest weight arguments.
>
> {¶ 12} Pursuant to *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, to determine whether a conviction is supported by sufficient evidence of guilt, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
>
> {¶ 13} But determinations of credibility and weight of the testimony are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The jury, or the court in a bench trial, may take note of inconsistencies at trial and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). And therefore, "[w]hen a court of appeals

reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds* and quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). An appellate court considering a manifest weight challenge "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387, 678 N.E.2d 541. Appellate courts should reverse a conviction as being against the manifest weight of the evidence only in the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 14} Under these established standards, McGee's sufficiency and manifest weight arguments cannot prevail. McGowan's testimony alone provides sufficient evidence upon which a reasonable factfinder could conclude that all elements of the offenses of felonious assault, improper discharge into a habitation, discharge into a habitation, and having weapons under disability, along with the attached firearm specifications were established. And moving to his manifest weight challenge, it is worth observing that McGee does not argue that the shooting did not happen, he simply argues that he was not involved and not present. The mere fact that McGee presented a loose and contradicted alibi defense is not enough to show that his convictions were against the manifest weight of the evidence at trial—his identification by the eyewitness and target of the shots, the damage to the victim's truck, his subsequent Facebook messages to the victim, and the presence of the empty firearm shells are more than enough to overcome his manifest weight challenge. McGee's first assignment of error is meritless and is accordingly overruled.

*State v. McGee, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is

contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  "When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*,

567 U.S. 37, 43 (2012) (per curiam).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Upon review of the Tenth District's decision of Petitioner's first assignment of error, the Magistrate Judge finds it is entitled to deference.  It applies the correct federal standard to the sufficiency of evidence claim and its review of the evidence shows there plainly was sufficient evidence to support the jury's verdicts.  Because the Tenth District's decision is a reasonable application of *Jackson, supra*, it is entitled to deference under AEDPA.  Petitioner's Fourth Ground for Relief should be dismissed.

**Ground Five:  Erroneous Findings of Fact on Appeal on the Motion to Suppress**

In his Fifth Ground for Relief, Petitioner asserts the Tenth District made erroneous findings of fact relating to his motion to suppress.  This claim is barred from merits review in federal habeas under *Stone v. Powell, supra.,* and should therefore be dismissed.

**Grounds Six through Fifteen:  Ineffective Assistance of Appellate Counsel**

In his Sixth through Fifteenth Grounds for Relief, Petitioner raises ten claims of ineffective assistance of appellate counsel.  Under Ohio law, the sole remedy for ineffective assistance of appellate counsel is by application for reopening under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

Petitioner filed an application to reopen under Rule 26(B) raising his ineffective assistance of appellate counsel claims (State Court Record, ECF No. 17, Ex. 39).  However, the Tenth District Court of Appeals declined to consider the Application on the merits because it was untimely filed without adequate excuse.  *Id.* Ex. 40.

The Sixth Circuit has repeatedly held the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision.  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*,  281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).  Accordingly, Petitioner's Grounds Six through Fifteen are barred by his procedural default in presenting them to the Tenth District Court of Appeals.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 5, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.