IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|   |   |
|---|---|
| William McGee,  Petitioner,  v.  Warden, Belmont Correctional Institution,  Respondent. | Case No. 2:25-cv-00446  Judge Graham  Magistrate Judge Merz |

## OPINION & ORDER

This habeas corpus case was brought *pro se* by Petitioner William McGee to obtain relief from his 2021 convictions in the Franklin County Court of Common Pleas. The case is before the Court on Petitioner's Objections (ECF No. 35) to the Magistrate Judge's Substituted Report and Recommendations (ECF No. 32). The Warden has not replied to the Objections, making the case ripe for decision.

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Substituted Report *de novo* with particular attention to those portions objected to by Petitioner and rules as follows.

### Grounds One and Five

In Grounds One and Five Petitioner asserts his Fourth Amendment rights were violated when the state courts failed to suppress evidence against him. The Magistrate Judge concluded this claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976), because, as *Stone* requires, Petitioner was given a full and fair opportunity to present his Fourth Amendment claims to the state courts. In his Objections, Petitioner continues to insist that the fairness of the process be measured by the results. His logic is if the evidence was not suppressed, the process must not have been full and

[1]

fair. But the Substituted Report recounts the process provided which is completely parallel to the process for litigating Fourth Amendment claims in federal cases. Petitioner argues the whole state process was a "sham," but the Court is unpersuaded. As to Grounds One and Five, the Substituted Report is adopted and Petitioner's Objections are overruled.

**Ground Two**

In Ground Two Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney did not properly present alibi evidence, both witnesses and business records. The Magistrate Judge concluded this Court should defer to the Ohio Tenth District Court of Appeals on this claim because that court held that proof of the claim depended on evidence not in the appellate record (i.e., the content of the business records and the testimony of the absence witnesses) which would have to be presented in a post-conviction petition under Ohio Revised Code § 2953.21. By the time the case reached this Court, the statute of limitations had run on a possible post-conviction petition so that Petitioner was barred from presenting this claim to the state courts and therefore barred by procedural default from presenting the claim to this Court.

Petitioner argues his ineffective assistance of trial counsel claim is exhausted because he appealed to the Ohio Supreme Court from the Tenth District's decision (Objections, ECF No. 35, PageID 2821-23). But the Magistrate Judge did not make a finding that the ineffective assistance of trial counsel claim was not exhausted, but rather that it was procedurally defaulted. Petitioner objects to the Magistrate Judge's recommendation on procedural default as well, citing the governing standard from *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Applying *Maupin*, the Court notes that Ohio has a relevant procedure – constitutional claims which depends on evidence outside the direct appeal record must be presented in a post-conviction petition. Under Ohio law, ineffective assistance of trial counsel claims or indeed any constitutional claims that

[2]

depend on evidence outside the appellate record must be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 because evidence cannot be added to the record on direct appeal. *State v. Hooks*, 92 Ohio St. 3d 83 (2001); *State v, Hartman*, 93 Ohio St. 3d 274, 299 (2001); *State v. Keith*, 79 Ohio St. 3d 514, 536 (1997); *State v. Scott*, 63 Ohio App. 3d 304, 308 (1989); *State v. Smith*, 17 Ohio St. 3d 98, 101, fn. 1 (1985). That rule is supported by a strict statute of limitations in Ohio Revised Code § 2953.23 which denies jurisdiction to an Ohio court over an untimely post-conviction petition. Petitioner argues that the Tenth District did not expressly apply that statute, but that is because it was not a directly presented question; the question would have been presented if Petitioner had attempted to file a post-conviction petition. The Court has no doubt that the limitations statute would have been enforced. See *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

In the Substituted Report, the Magistrate Judge concluded:

> Petitioner makes no *Franks*-ineffective-assistance-of-trial-counsel claim in his Petition. And if he had made such a claim, it would be procedurally defaulted because he never presented such a claim to the state courts by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21.

(Sub. Report, ECF No. 32, PageID 2758). Petitioner objects that he did make a claim his trial counsel was ineffective for not asking for a *Franks* hearing by asserting his appellate counsel was ineffective for not raising this ineffective assistance of trial counsel claim on appeal. However, raising an ineffective assistance of trial counsel claim in a 26(B) application does not provide an opportunity to litigate the merits of the underlying claim unless the appellate court grants reopening. And in any event, Petitioner's ineffective assistance of appellate counsel claims are procedurally defaulted as is held below.

The Substituted Report's recommendation as to Ground Two is adopted and Petitioner's Objections are overruled.

### Ground Three

In his Third Ground for Relief, Petitioner argues the trial court should not have admitted in evidence his prior drug conspiracy conviction. The Magistrate Judge found from examining the record that this claim had not been presented to the Ohio courts as a federal constitutional claim (Sub. Report, ECF No. 32, PageID 2764).

Petitioner's entire objection reads: "Magistrate claim is absurd claim was raised as a federal claim and as Ohio Constitutional claim on direct appeal and also pro se litigants are to be construed liberally." Petitioner cites no place in the Ohio appellate record where this claim is made under the United States Constitution. The Substituted Report noted that "In Grounds for Relief Two, Four, Six, Seven, Eight and Thirteen, Petitioner makes claims that his rights under the Ohio Constitution were violated in obtaining his conviction," but also noted that federal habeas corpus is limited to federal constitutional claims (ECF No. 32, PageID 2754). And liberal construction does not mean reading Ohio constitutional claims as federal constitutional claims.

The Substituted Report is adopted as to Ground three and Petitioner's Objections are overruled.

### Ground Four

In his Fourth Ground for Relief, Petitioner asserts his conviction is not supported by the manifest weight of the evidence and that there was insufficient evidence to convict.

The Magistrate Judge held the manifest weight claim was not cognizable in habeas (Sub. Report, ECF No. 32, PageID 2765, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)). As

to the insufficiency claim, he found the Tenth District's decision was entitled to deference under *Harrington v. Richter*, 562 U.S. 86 (2011).

The only element on which Petitioner asserts evidence is insufficient is the requirement that the State prove he knowingly fired his gun into a habitation. The evidence is circumstantial: there is no question that the evidence supports a finding that McGee aimed at and hit his intended victim[1]. When one aims a firearm at another person, a house is in the line of fire, one pulls the trigger, and a shot goes into the house, there is sufficient evidence to show the person acted knowingly. There is no evidence that the shot in question was a stray bullet.

The Substituted Report is adopted as to Ground Four and Petitioner's objections are overruled.

**Grounds Six through Thirteen**

In Grounds Six through Thirteen, Petitioner pleads claims of ineffective assistance of appellate counsel. The Magistrate Judge found these claims were all procedurally defaulted because the Tenth District found that Petitioner's Rule 216(B) Application in which he raised these claims was untimely filed.

Petitioner objects that his delay in filing was the result of improper handling of mail by the institutional mail room. The Magistrate Judge recognized that some of the delay was in fact caused by the institution. The flaw in McGee's argument is that after he learned of the institutional failure, he waited almost an additional two months to file the 26(B) application. Considering these facts, the Tenth District wrote:

> {¶ 5} Upon review, we find McGee's explanation for his delayed filing insufficient to establish good cause under App.R. 26(B)(1). Although McGee focuses his explanation on the prison mail room error which occurred between November 9, 2023 and late January,

---
[1] The Court understands that McGee still claims he was somewhere else at the time of the shooting.

[5]

> 2024, conspicuously absent from either his application or his affidavit is any explanation of why, once he learned of the mail room delay in late January and obtained the letter of confirmation dated February 1, 2024, he nonetheless still failed to file his application to reopen until March 26, 2024-almost another two months later. Without providing any explanation for what amounts to the second delay in filing the application to reopen, we find McGee has not established good cause under App.R. 26(B)(1).

(Memorandum Decision, *State v. McGee*, Amended State Court Record, ECF No. 17, Ex. 40, PageID 2341-42). The Magistrate Judge relied on this Tenth District finding which is supported by the record. McGee's objection is "after prison mailroom withheld package the damage was done then. Magistrate opinion is nothing less than beating a dead dog" (Objections, ECF No. 35, PageID 2846). This argument flies in the fact of the Tenth District's decision. That court showed it was willing to analyze separately the delay caused by the prison and that which was solely McGee's responsibility. The Tenth District's decision that McGee did not show good cause for the delayed filing is entitled to deference form this Court which was interpreting and applying Ohio law.

Furthermore, as the Magistrate Judge found, McGee committed another procedural default of his ineffective assistance of appellate counsel claims by not appealing the Tenth District's decision on the 26(B) application to the Ohio Supreme Court (Sub. Report, ECF No. 32, PageID 2772). Petitioner makes no objection to this finding but ends his Objections by blaming the victim.

After review, the Court adopts the Substituted Report as to Grounds Six through Thirteen and overrules Petitioner's objections.

## Conclusion

Having reviewed the Substituted Report *de novo*, the Court finds Petitiomner's Objections are not well-taken and they are overruled. The Substituted Report is adopted and the Clerk is directed to enter judgment dismissing the Petition with prejudice. Because reasonable jurists

[7]

would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: January 22, 2026