# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

WILLIAM McGEE,

        Petitioner,    :        Case No. 2:25-cv-00446

    - vs -               District Judge James L. Graham
                              Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                           :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case, brought *pro se* by Petitioner William McGee to obtain relief from his 2021 convictions in the Franklin County Court of Common Pleas, is before the Court on Petitioner's Motion for Reconsideration under Fed.R.Civ.P. 59(e)(ECF No. 38). Post-judgment motions are deemed referred under 28 U.S. C. § 626(b)(3), requiring a report and recommendations from the Magistrate Judge receiving the referral.

**Standard of Review**

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009)

1

(quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.,* 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.; McBride v. Skipper*, 76 F.4th 509 (6th Cir. Aug. 4, 2023).  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."). In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued". See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n.

5 (2008) (quoting prior edition)." *Banister v. Davis*, 590 U.S. 504 (2020).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

## Analysis

McGee begins his Motion by complaining about errors by the Magistrate Judge (ECF No. 38, PageID 2860).  However, Petitioner has already used the opportunity provided by Fed.R.Civ.P. 72 to object to the Magistrate Judge's Substituted Report and Recommendations (ECF No. 35, objecting to ECF No. 32).  To the extent McGee raises here any issues omitted from his prior Objections, those arguments are waived.

**Fourth Amendment**

McGee's first asserted error of law is argued at length and asserts the Court has misapplied relevant precedent, *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), in finding review of his Fourth Amendment claims is barred by *Stone v. Powell,* 428 U.S. 465 (1976), and *Townsend v. Sain*, 372

U.S. 293, 313 (1963), in denying an evidentiary hearing (ECF No. 38, PageID 2860-72).

In the Substituted Report, the Magistrate Judge recognized McGee's argument about the application of *Gray v. Riley* and noted the later decision of the Sixth Circuit in *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), interpreting the meaning of "full and fair opportunity" (ECF No. 32, PageID 2756-58). In his Objections, Petitioner argued at length the issues he presents in his Motion for Reconsideration (Objections, ECF No. 35, PageID 2815-20). The Court considered and rejected those arguments in overruling the Objections (Decision and Order, ECF No. 36, PageID 2851-52). McGee has not shown any clear error of law in that Decision on the motion to suppress issue.

The standard for granting an evidentiary hearing embedded in *Townsend* has been replaced by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Petitioner's Motion for Reconsideration of the Fourth Amendment issue should therefore be overruled.

**Ineffective Assistance Of Trial Counsel**

Petitioner next claims the Magistrate Judge erred in finding his claim of ineffective assistance of trial counsel was procedurally defaulted (ECF No. 38, PageID 2872-75). The Court adopted the Magistrate Judge's Substituted Report on Ground Two (Opinion and Order, ECF No.

36, PageID 2852-54).  In his Motion for Reconsideration, Petitioner reargues his claim that he properly exhausted this claim, asserting he has shown cause and prejudice to excuse the procedural default because of the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), where the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 14.

Unlike the Arizona system at issue in *Martinez*, Ohio **does not** require that ineffective assistance of trial counsel claims be brought in collateral proceedings.  Instead, Ohio distinguishes between ineffective assistance of trial counsel claims which can be adjudicated on the direct appeal record and those that depend on evidence outside (dehors) the record. Those claims which can be adjudicated on the appellate record (e.g., the trial lawyer failed to object to an improper question) must be raised on direct appeal or be barred by *res judicata* from being presented in another proceeding. *State v. Perry,* 10 Ohio St. 2d 175 (1967).  In contrast, those ineffective assistance of trial counsel claims which depend on outside evidence must be brought in a post-conviction proceeding under Ohio Revised Code § 2953.21.  Because of that distinction, *Martinez* does not apply in Ohio.  Here the Tenth District held McGee's ineffective assistance of trial counsel claim

depended entirely on evidence outside the record and therefore could only be presented in a post-conviction petition.  McGee never filed under Ohio Revised Code § 2953.21 and by the time the Tenth District decided his appeal, the statute of limitations for a post-conviction petition had expired.

The Court made no error of law in finding Ground Two was procedurally defaulted. Petitioner's Motion for Reconsideration of Ground Two should be denied.

**Grounds Six through Thirteen**

The Magistrate Judge recommended dismissing Grounds Six through Fifteen as procedurally defaulted; Petitioner seeks reconsideration only as to Grounds Six through Thirteen, but does not explain any distinction of the last two claims (ECF No. 38, PageID 2875).

All of these claims are for ineffective assistance of appellate counsel.  Ohio's exclusive remedy for those claims is an application to reopen the direct appeal.[1]  Ohio has a strict time limit for filing such motions – ninety days after the appellate judgment.  Petitioner did not file within that time limit.  When he did file, he sought to excuse his late filing by blaming the prison mail system.  The Tenth District accepted that excuse for part of the delay, but not for all of it.  The Magistrate Judge recommended deferring to the Tenth District's decision and the Court accepted that position, noting that the Tenth District was applying Ohio law (Opinion and Order, ECF No. 36, PageID 2856).  The Court also noted that Petitioner had committed a further procedural default by failing to appeal from the Tenth District to the Ohio Supreme Court. *Id.*

---

[1] In *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), the Ohio Supreme Court held ineffective assistance of appellate counsel claims could not be brought in post-conviction petitions under Ohio Revised Code § 2953.21 and instructed its Rules Committee to construct a new procedure for hearing such claims.  Ohio R. App. P. 26(B) was the result.

Petitioner seeks reconsideration, but does not point to a manifest error of federal law.  He argues that once an Ohio appellate court finds cause for some delay, it must, somehow, accept any further delay which has the same cause.  The Court refused to accept that argument because the question of how much delay must be acceptable to a State court is a question of state law.  Put another way, there is no federal rule embodying Petitioner's asserted principle.

Petitioner also asserts that he did indeed appeal to the Ohio Supreme Court from the Tenth District's denial of his 26(B) application and cites to an inmate cash withdrawal slip marked as Exhibit E-2 and an envelope marked as Exhibit B.  The cash slip (Traverse, ECF No. 28, PageID 2739) is separately stamped as received by the Belmont Correctional Institution on January 24, 2025, and paid on the same day.  The envelope (PageID 2743) has McGee's return address at Belmont Correctional and is addressed to the Supreme Court of Ohio at 65 South Front St. 8th Fl., Col., Ohio 43215.  However, it does not show any postage applied or postmark.  Instead it bears a marking from the Postal Service "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  McGee raised this claim and referenced the same two items of evidence in his Objections to the Substituted Report. The Court did not expressly address this objection in its Opinion and Order.

The Tenth District Court of Appeals denied Petitioner's 26(B) Application on December 23, 2024 (Decision, State Court Record, ECF No. 6, Ex. 40).  That would have made Petitioner's appeal to the Ohio Supreme Court due forty-five days later on February 6, 2025.  Mail sent out on January 24, 2025, should have reached the Ohio Supreme Court by that date but Exhibit B did not.  Why it did not and why the Postal Service was unable to deliver is unknown.  The Court should therefore withdraw that portion of its decision which finds McGee procedurally defaulted his ineffective assistance of appellate counsel claims by not appealing to the Ohio Supreme Court.

7

This does not require modification of the principal finding that those claims are procedurally defaulted by Petitioner's failure to timely file his 26(B) application in the first place.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Court's Opinion and Order be modified as set forth above, but the Motion for Reconsideration should otherwise denied.

February 20, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

8