# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

WILLIAM McGEE,

        Petitioner,    :        Case No. 2:25-cv-00446

    - vs -                       District Judge James L. Graham
                                 Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

                            :
        Respondent.

---

## OPINION AND ORDER ON MOTION FOR RECONSIDERATION

---

This habeas corpus case, brought *pro se* by Petitioner William McGee to obtain relief from his 2021 convictions in the Franklin County Court of Common Pleas, is before the Court on Petitioner's Objections ("Objections," ECF No. 40) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 39) on Petitioner's Motion for Reconsideration under Fed.R.Civ.P. 59(e)(ECF No. 38).  As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

The Report recommends that the Petitioner's Motion for Reconsideration be denied except for deleting the finding that Petitioner procedurally defaulted his ineffective assistance of appellate counsel claim by not properly appealing denial of that claim to the Ohio Supreme Court.

1

**First Objection:  Specificity of *Stone v. Powell* Decision**

Petitioner's first objection is that neither the Magistrate Judge in his Report on the merits nor the District Judge in adopting it made specific findings of fact on Petitioner's claim that he was excepted from the *Stone v. Powell* bar on litigating Fourth Amendment claims in habeas because he satisfied the "sham legal process" exception to *Stone* recognized in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)(Objections, ECF No. 40, PageID 2889-92).

Petitioner's current Objections exemplify why motions for reconsideration are discouraged.  Petitioner's Rule 59(e) Motion (ECF No. 38) is twenty-one pages long.  Nowhere in that document does he claim the Court erred in not properly deciding his "sham legal process" claim.  In fact, the phrase "sham legal process" does not occur in that document at all.  Petitioner did use that language in his Objections on the merits (ECF No. 35, PageID 2818).  But in adopting the Magistrate Judge's Report on the merits, the Court noted Petitioner's objection, but found "the process provided [by the Ohio courts] . . . is completely parallel to the process for litigating Fourth Amendment claims in federal cases. Petitioner argues the whole state process was a "sham," but the Court is unpersuaded."  Petitioner now objects that that language is conclusory and specific findings are required.  But he made no such argument in his Rule 59(e) motion.  All the arguments about "findings" in the Rule 59(e) motion are about failures to make specific findings by the state trial court.  But nothing in *Riley v. Gray* purports to control the form of state trial court findings in Fourth Amendment cases or to require specific findings of fact by a District Court in applying the *Stone v. Powell* bar.

2

**Second Objection:  Procedural Default of Ineffective Assistance of Trial Counsel Claim**

In his Rule 59(e) Motion, Petitioner argued his ineffective assistance of trial counsel claim was saved from procedural default by *Martinez v. Ryan*, 566 U.S. 1 (2012).  The Report rejected that argument because the Ohio system for litigating ineffective assistance of trial counsel claims, unlike that in Arizona, requires that when such claims can be adjudicated on the direct appeal record, they must be raised in that forum or be held to be barred by *res judicata* (Report, ECF No. 39, PageID 2883, *et seq.*).

The present Objections offer no rebuttal to that conclusion, but instead argue the procedural default can be overcome by showing excusing cause and prejudice (Objections, ECF No. 40, PageID 2893-98).  This argument, made in Objections to a Report recommending denial of a Rule 59(e) motion, is untimely.  Petitioner's claim in his Rule 59(e) Motion was that the Court had committed a clear error of law by not recognizing a *Martinez* exception to excuse the procedural default of failing to present this ineffective assistance of trial counsel claim on direct appeal.  The Report shows why *Martinez* is inapplicable.  Instead of offering rebuttal to that conclusion, Petitioner reargues the procedural default of this claim which had already been upheld in the Court's Opinion and Order adopting the Report on the merits (ECF No. 36, PageID 2852-54).  If Petitioner claims that decision was a "clear error of law," his opportunity to make that claim was in his Rule 59(e) Motion, instead of in Objections to denying that Motion.  And in any event, the alibi evidence was never presented to the Ohio courts and Petitioner has never offered cause and prejudice to excuse that failure.

**Objection Three:  Procedural Default of Ineffective Assistance of Appellate Counsel Claims**

In the original Report on the merits, the Magistrate Judge found Petitioner's claims of ineffective assistance of appellate counsel were procedurally defaulted in two ways:  (1) by filing outside the time limit provided by Ohio R. App. P. 26(B) and (2) by not appealing from the adverse decision of the Tenth District Court of Appeals to the Ohio Supreme Court.

The Magistrate Judge was persuaded that Petitioner's efforts to appeal to the Ohio Supreme Court had been frustrated in some way not fully explained and recommended that the Rule 59(e) Motion be granted to the extent of removing the finding of the second procedural default. Respondent has not objected and the recommendation is therefore adopted.  The Judgment is modified to eliminate any finding that Petitioner procedurally defaulted his ineffective assistance of appellate counsel claims by not properly appealing to the Ohio Supreme Court.

As to the untimely filing default, Petitioner now objects that the Tenth District Court of Appeals misapplied Ohio R. App. P. 26(B)(2)(b)(Objections, ECF No. 40, PageID 2898, *et seq*.) Petitioner writes:

> Petitioner asserts that the Magistrate Judge's finding are erroneous because the Tenth District's application of procedural default to the second delay in filing the 26(B) application was misplaced, was improper, and does not constitute reliance on an adequate and independent state ground pursuant to *Wogenstahl v. Mitchell*,668 F.3d 307. 341 (6th Cir. 2012).

(Objections, ECF No. 40, PageID 2899).

Ohio R. App. P. 26(B) requires that an application to reopen to raise a claim of ineffective assistance of appellate counsel must be filed within ninety days of the appellate judgment unless the appellant makes a showing of good cause for a later filing.  Petitioner purported to show good cause by documenting institutional mail room difficulties.  The Tenth District Court of Appeals

4

found he had shown good cause for some of the delay.  In his Objections, McGee notes the following finding by that court:

> Upon review, we find McGee's explanation for his delayed filing insufficient to establish good cause under App.R. 26(b)(l). Although McGee focuses hjs explanation on the prison mail room error which occurred between November 9, 2023 and late January,2024, conspicuously absent from either his application or his affidavit is any explanation of why, once he learned of the mail room delay in late January and obtained the letter of confirmation dated February 1, 2024, he nonetheless still failed to file his application to reopen until Mar.ch 26, 2024-almost another two months later. Without providing any explanation for what amounts to the second delay in filing the application to reopen, we find McGee has not established good cause under App.R. 26(B)(b)(2)(b).

(ECF No. PageID 2899).  Petitioner argues this holding misapplied App. R. 26(B)(2)(b).  He asserts that for a state procedural to act as an adequate basis for procedural default, it must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." (Objections, ECF No. 40, PageID 2899).  But the Sixth Circuit has upheld the timeliness rule for filing a 26(B) application as an adequate and independent state ground of decision for many years. See  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*,  281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).  The Ohio Supreme Court has expressly held that good cause can excuse the lack of a filing only while it exists, not for an indefinite period.  *State v. Fox,* 83 Ohio St. 3d 514 (1998).

Petitioner relies on *Wogenstahl v. Mitchell*,668 F.3d 307 (6th Cir. 2012), for the proposition that the Tenth District's decision was "misplaced, improper, does not constitute reliance on an adequate an independent state ground of decision.  However, in *Wogenstahl* the Sixth Circuit expressly held:

> Since 1996, 'Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B),' and " 'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.' " *Hoffner v. Bradshaw,* 622 F.3d 487, 504–05 (6th Cir.2010) (quoting *Parker v. Bagley,* 543 F.3d 859, 861 (6th Cir.2008)).  Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.* at 505.

668 F.3d at 322[1].

Accordingly, Petitioner's objection as to procedural default of his ineffective assistance of appellate counsel claims by untimely filing is overruled.

**Conclusion**

Having conducted a *de novo* review of the Magistrate Judge's Report on Petitioner's Fed.R.Civ.P. 59(e) Motion for Reconsideration, the Court finds that Petitioner's Objections are without merit and they are overruled.  Judgment in this case (ECF No. 37) will remain as entered except that the finding that Petitioner procedurally defaulted his ineffective assistance of appellate counsel claims by not appealing denial of those claims to the Ohio Supreme court is withdrawn.

March 13, 2026.

/s/James L. Graham
James L. Graham
United States District Judge

---

[1] Note also that *Wogensthal* is a capital case and the Sixth Circuit in the past applied different procedural default considerations in those cases.